IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00862-BNB

MICHAEL LEON TUMLIN,

    Applicant,

v.

BLAKE DAVIS, Warden,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 22 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant Michael Leon Tumlin is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the United States Penitentiary in Florence, Colorado. Mr. Tumlin initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. In an order filed on April 22, 2009, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intends to raise that affirmative defense in this action. On May 12, 2009, Respondent filed a preliminary response arguing that Mr. Tumlin has failed to exhaust administrative remedies. Although he was given an opportunity to file a reply to the preliminary response, Mr. Tumlin has not done so.

The Court must construe the application liberally because Mr. Tumlin is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be

an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

Mr. Tumlin is challenging the computation of his federal sentence. He alleges that, while he was in federal custody serving his federal sentence, he was convicted in Tennessee state court and the state court sentence was ordered to run concurrently with his existing federal sentence. According to Mr. Tumlin, his federal sentence stopped for approximately seventy-four months while he served the state sentence. As relief in this action he seeks credit against his federal sentence for those seventy-four months.

As noted above, Respondent argues that this action should be dismissed for failure to exhaust administrative remedies. Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. **See Williams v. O'Brien**, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam). The exhaustion requirement is satisfied through proper use of the available administrative procedures. **See Woodford v. Ngo**, 548 U.S. 81, 90 (2006).

The BOP administrative remedy procedure is available to Mr. Tumlin. **See** 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. **See** 28 C.F.R. §§ 542.13 - 542.15. According to Respondent, Mr.

Tumlin has not filed any administrative remedy requests during his incarceration in the BOP. As noted above, Mr. Tumlin has not filed a reply to the preliminary response.

Mr. Tumlin alleges in the application that he has exhausted administrative remedies. In support of this allegation he states that he completed and filed an informal resolution form and he attaches to the application a copy of the informal resolution form he filed on January 30, 2007. The issue Mr. Tumlin raised on the informal resolution form relates to the computation of his sentence. The response on the informal resolution form directs Mr. Tumlin to file an administrative remedy request. He apparently did not do so.

Mr. Tumlin does not allege, and nothing in the Court's file indicates, that he has filed a formal administrative remedy request or completed the BOP administrative remedy procedure. Therefore, the Court finds that Mr. Tumlin has failed to exhaust administrative remedies. He may not exhaust "administrative remedies by, in essence, failing to employ them." *See Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002). As a result, the instant action will be dismissed without prejudice for failure to exhaust administrative remedies. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies.

DATED at Denver, Colorado, this 22 day of June, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00862-BNB

Michael Leon Tumlin
Reg No. 16825-074
US Penitentiary Florence
P.O. Box 7000
Florence, CO 81226

William Pharo
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/22/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk